HELEN RAZENSON et al., Respondents, v JOSEPH S. CHAMPAGNE et al., Appellants. [794 NYS2d 114]—

In an action to recover damages for professional malpractice,

the defendants appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated February 10, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In the instant case, the plaintiffs contend that the defendants' negligence, as expert witnesses on their behalf in an action brought by them to recover damages for personal injuries against, among others, the County of Nassau, resulted in a jury verdict against them.

At the trial of the personal injury action, the defendant Joseph S. Champagne testified that the County was negligent in that there was no "safety factor" in the design of the road where the accident occurred, since once a driver reached the posted speed limit of 30 miles per hour, "you'll start to side slip off the curve." The gravamen of the plaintiffs' complaint is that because of the defendants' inadequate preparation for trial, Champagne failed to convince the jury in the personal injury action that the vehicle operated by Grace Germann, a defendant in that action, which collided with the plaintiffs' vehicle, exceeded the 30-mile-per-hour speed limit. The verdict sheet submitted to the jury in the personal injury action directed it not to reach the question of the negligence of the County unless it found that Germann exceeded the 30-mile-per-hour speed limit. The jury found that Germann did not exceed the speed limit, and thus never reached the question of whether the County was negligent.

The defendants moved for summary judgment on the ground that any negligence on their part was not a proximate cause of the plaintiffs' loss. They noted that Champagne never testified as to what Germann's speed was at the time her vehicle skidded before impact. Further, at the trial of the personal injury action, the plaintiffs' counsel posed a hypothetical question to Champagne, asking him to assume that Germann's testimony that she was traveling at a speed in the range of 23 to 25 miles per hour was true. The jury's finding was consistent with the assumption in the plaintiffs' counsel's hypothetical question.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to offer any evidence beyond mere speculation to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the defendants' motion should have been granted and the complaint dismissed. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.